By the Court.
 

 In this action the relator is asking this court to apply the extraordinary remedy of mandamus.
 

 There are a number of questions raised in this case, but we will concern ourselves with one only, namely: Can the city of Cincinnati expend funds, derived from the issuance and sale of bonds voted for the elimination of certain specified grade crossings, for the purpose of eliminating grade crossings not specified in the bond issue? This question is so fundamental that we do not regard it as necessary to consider the other questions.
 

 Granted that the city of Cincinnati and the railroads mentioned will be benefited by the improvements now proposed, these benefits furnish no argument for ignoring the will of the people as expressed at the November, 1926, election.
 

 Under the law it was necessary that this bond issue be submitted to a vote of the people. It was submitted and the people were informed, time and time again, by various resolutions and ordinances, that the money was to be used for the elimination of specified grade crossings and necessary incidental expenses; and the following was copied on the ballot submitted to the electors at the November, 1926, election:
 

 “For an issue of bonds by the city of Cincinnati for
 
 *178
 
 the purpose of paying said city’s part of the cost and expense of eliminating the following grade crossings, including payment of damages and purchase of land for necessary right of way, by separating the grades of the railroad tracks of the following named streets, and changing the grades of said streets and tracks by raising and lowering or relocating the same at the following named intersections: The Pennsylvania Railroad at Beeehmont avenue and at Eastern avenue near Rendcomb Junction; The Pennsylvania Railroad Company (Chicago Division), at Erie avenue and Brother-ton road; The C. C. C.
 
 &
 
 St. L. Railway Company, at 71st and 73rd streets; the B. & 0. Railroad Company (Toledo Division), at Hartwell avenue and the B.
 
 &
 
 0. Railroad Company at Madison road and Marburg avenue, in the sum of $1,000,000, and the levy of taxes outside of the existing limitations estimated by the County Auditor to average .064 mills for a maximum period of 30 years to pay the principal and interest on such bonds.”
 

 This proposition was brought to the attention of every elector; that is what he voted upon, and neither the city, the state nor the federal government has any right to deflect any part of this money by applying it to the elimination of other grade crossings. To put the stamp of approval upon such an arrangement would amount to cutting out the vitals of local self-government, and the sanctity of the ballot would be utterly destroyed.
 

 The writ of mandamus prayed for herein is denied, and relator’s petition is dismissed at his cost.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.